## ONONDAGA COUNTY v. CITY OF AMSTERDAM.

(Supreme Court, Trial Term, Onondaga County. April, 1909.)

1. PAUPERS (§ 21*)—"SETTLEMENT"—REMOVAL—LOSS AND CHANGE OF SETTLE-
MENT—"POOR PERSON."

The poor law (Laws 1896, p. 136, c. 225) defines a "poor person" as one unable to maintain himself. Section 40 provides that every person of full age, who shall be a resident of a town for one year, and the members of his family, who shall not have gained a separate settlement, shall be deemed settled in such town, and shall so remain until he shall have gained a like settlement in some other town, or shall remove from the state and remain therefrom a year. A wife, with her children, went to S., February 13, 1907, from A., where she had resided for more than five years. Her husband, also a resident of A. for five years preceding September 11, 1906, left his family there on that date and went to another state. February 5, 1907, he met his wife at S., and she returned to A., and got her children and belongings, and went to S. at the date before stated, where she resided with her husband until May 23d, when he left her without means of support and she applied to S., two days later, for assistance, which was given her. When her husband left her at A., she was unable to maintain herself and children, and applied for public assistance, which she received on three occasions, November 3 and December 5, 1906, and January 4, 1907; the orders received by her being for groceries and coal and paid by A. *Held*, that the wife had a "settlement" in A., and was a "poor person" there when she went to S., and that the city of A. remained and was liable for the support furnished by the city of S.

[Ed. Note.—For other cases, see Paupers, Cent. Dig. §§ 97, 99, 103; Dec. Dig. § 21.*

For other definitions, see Words and Phrases, vol. 6, pp. 5452, 5453; vol. 7, pp. 6451, 6452; vol. 8, p. 7799.]

2. PAUPERS (§ 52*)—LOCAL AUTHORITIES LIABLE.

Poor Law (Laws 1896, p. 155, c. 225) § 54, provides that, upon service of a notice of denial of liability for the support of a pauper, the county superintendent of the poor, upon whom served, shall within three months commence an action against the town, city, or county liable for such support. Amsterdam City Charter (Laws 1885, p. 239, c. 131) § 31, requires all claims against the city to be presented to the common council for audit, and provides that no action shall be commenced against the city on a claim until three months from presentation. *Held*, that a county having a claim against the city of Amsterdam for the support of a pauper was entitled to proceed according to the specific provisions of Poor Law, § 54, and was not required to present the claim to the common council for audit before bringing action thereon.

[Ed. Note.—For other cases, see Paupers, Dec. Dig. § 52.*]

Action by Onondaga County against the City of Amsterdam, tried before the court upon an agreed statement of facts. Judgment for plaintiff.

Herbert L. Smith, for plaintiff.

Christopher J. Heffernan, for defendant.

DEVENDORF, J. This action was brought to recover for the support of an alleged poor person under the statute. The overseer of the poor of the city of Syracuse furnished groceries and necessary relief to the alleged poor person upon her application therefor at divers times from May 25, to August 28, 1907, amounting to $50. Within three days from the first assistance furnished, Mr. Notting-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

117 N.Y.S.—71

ham, the superintendent of the poor of Onondaga county, claiming that the applicant for help was a poor person, with a settlement in and chargeable to the city of Amsterdam, served upon its overseer of the poor the statutory notice of such application for public relief, and requested him to take charge of such poor person and furnish support therefor. This notice was answered within the statutory period by the overseer of the poor of Amsterdam, denying all liability therefor.

The alleged poor person came with her infant children into Onondaga county February 13, 1907, from the city of Amsterdam, where she had resided continuously for more than five years. Her husband, also a resident of Amsterdam for five years preceding September 11, 1906, left his family there on that date and went to the state of Ohio, saying he would send for them to live with him there. He did not do so, and shortly thereafter went to Indiana. Subsequently, and on the 5th day of February, 1907, he met his wife (the alleged poor person) at Syracuse. She then returned to Amsterdam, got her children and belongings, and came to Syracuse at the date heretofore stated, where she resided with her husband until May 23d, when he left her without means of support, and she applied, two days later, for public assistance, which was given her. It appears that when the husband left her at Amsterdam she was unable to maintain herself and children, and applied to its overseer of the poor for aid, which she received on three different occasions, namely, November 3 and December 5, 1906, and January 4, 1907. The orders received by her from the overseer were for groceries and coal, and were paid by the city of Amsterdam.

The questions to be decided in this case are: (1) Was the applicant for relief a poor person when she came into Onondaga county and applied for aid there? (2) Is it a condition precedent to the recovery that the claim of plaintiff should have been presented to the common council of Amsterdam for audit prior to the commencement of the action?

The only settlement this person ever had, or gained, so far as disclosed by the facts, was in the city of Amsterdam. She had applied for and received public aid from the poor authorities there several times before coming to Syracuse. It appears from the stipulated facts that:

"After September 11, 1906, when her husband left her in Amsterdam, she did washing and sewing, which was not sufficient to sustain herself and children, so she applied to the overseer of the poor of the defendant for aid and received * * * poor orders."

The statute defines a poor person to be "one unable to maintain himself." How long the coal and provisions she obtained from the defendants maintained her I do not know; but it is reasonable to say that the quantity supplied by defendant December 5th and January 4th, while not large, contributed in a measure to her support well along to the time she went to Syracuse.

Application was made to the Onondaga county authorities for help before she could have possibly gained a settlement there. Section 40 of the poor law (Laws 1896, p. 149, c. 225) provides that every person of full age, who shall be a resident and inhabitant of any

town or city for one year, and the members of his family, who shall not have gained a separate settlement, shall be deemed settled in such town or city, and shall so remain until he shall have gained a like settlement in some other town or city in this state, or shall remove from this state and remain therefrom one year. She had a settlement in Amsterdam, and was a poor person there, within the meaning of the statute, when she left that city and moved to Onondaga county (section 40, supra; Bartlett v. Ackerman, 66 Hun, 627, 21 N. Y. Supp. 53) and continued such because, before she could gain a settlement in said county, she applied for public assistance there and received it. The city of her settlement remained liable for her support. The temporary relief afforded by the husband did not change her place of settlement as a poor person, or render her self-sustaining; but she still remained unable to maintain herself and children.

As to the second objection urged by defendant, that plaintiff's failure to file this claim with the common council of the defendant is fatal to the cause of action, I think it is not well taken. Defendant calls attention to section 31, c. 131, p. 239 of the Laws of 1885 (Amsterdam charter), and says it should control. This section provides that:

"All claims and accounts against the city, and all accounts and claims for services rendered or moneys expended by any officers within said city, which would be charges and accounts against a town if they were rendered and expended by the officers thereof, shall be presented to the common council and the same shall be referred to a standing committee of said board, to be composed of one member from each ward, to be called committee on auditing accounts."

And that section further provides that no action shall be commenced against said city on such claim until after three months from presentation of said claim.

Section 54 of the poor law provides that upon service of notice of denial (which is the counternotice served by the defending superintendent of the poor) the county superintendent, upon whom the same may be served, shall within three months commence an action in the name of his county against the town, city, or county so liable for the expenses incurred in the support of such poor person and prosecute the same to effect. If they neglect to do so, their town, city, or county shall be precluded from all claim against the town, city, or county to whose officer such first notice was directed. If, therefore, the plaintiff had proceeded under the provisions of the Amsterdam special act mentioned, it would have proceeded contrary to the provisions of the poor law, which provides a general procedure throughout the state.

The plaintiff could not comply both with the provisions of the Amsterdam charter and those of the poor law, as the former says no action shall be commenced against said city until after three months from presentation of said claim, while Poor Law, § 54, provides that the superintendent shall bring action within three months after service of notice denying liability. One must yield to the other, and, as the poor law is uniform and general in its provisions, it should not be

defeated or set at naught by a special act passed for the purpose of regulating and controlling the affairs of a single city.

The plaintiff in this case has taken every step prescribed by the poor law to protect its interests. It served its notice of claim promptly upon the overseer of the poor of defendant, and upon his denial of liability this action was commenced within the three months limit prescribed. The defendant, under the poor law, is represented by its overseer of the poor. He speaks for it, and he denied the defendant's liability, and when he did so the plaintiff was called upon to act, as above stated, within the time fixed by the poor law, or be forever afterward precluded from doing so.

Without considering the other reasons, urged by the plaintiff's counsel, tending to sustain his position that the action was properly brought, I have come to the conclusion that the plaintiff was not required to present the claim to the common council of the defendant before bringing action. It was entitled to proceed according to the specific provisions of the poor law.

Judgment is awarded in favor of the plaintiff and against the defendant for the amount demanded in the complaint, with costs.